IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS TORSO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 03:2007-65 |
| OHIO NATIONAL LIFE INSURANCE ) | |
| COMPANY, OHIO NATIONAL LIFE ) | |
| ASSURANCE CORPORATION, and OHIO ) | |
| NATIONAL FINANCIAL SERVICES, ) | |
| ) | |
| Defendants, ) | |
| ) | JUDGE GIBSON |
| v. ) | |
| ) | |
| RITA ROBERTAZZI, ) | |
| ) | |
| Third Party Defendant. ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This case comes before the Court on the Plaintiff's Motion to Strike Items which are Immaterial, Impertinent, and/or Scandalous pursuant to Rule 12(f) (Document No. 11), and Plaintiff's Motion to Strike Immaterial, Impertinent, and/or Scandalous Information from Third Party Defendant's Counterclaim pursuant to Rule 12(f) (Document No. 17). The Court will deny both motions for the reasons stated herein.

### JURISDICTION

This Court has personal jurisdiction over the parties and also possesses subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). Venue is proper in accordance with 28 U.S.C. § 1391(a).

## ANALYSIS

Federal Rule of Civil Procedure 12(f) permits the court to strike any "immaterial, impertinent, or scandalous matter" from a pleading "[u]pon motion made by a party...or upon the court's own initiative...."

The right of a party to move the court to strike under Rule 12(f) is limited by Federal Rule of Civil Procedure 12(g), which states:

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

In the present case, Plaintiff moves to strike material from Defendants' Counterclaim-Interpleader and Third Party Complaint (Document No. 2), which was filed on March 28, 2007. On April 10, 2007, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(1) asserting lack of subject matter jurisdiction. This motion was denied on April 20, 2007. Plaintiff then filed the present Motion to Strike three days later on April 23, 2007. A Rule 12(f) motion to strike was available to Plaintiff at the time he filed his Rule 12(b)(1) motion, and, as noted previously, Rule 12(g) requires that all defenses and objections under Rule 12 are to be joined in one motion. A Rule 12(f) motion to strike is not one of the exceptions to Rule 12(g) mentioned in Rule 12(h)(2). Plaintiff, therefore, is precluded under Rule 12(g) from raising the Rule 12(f) motion set forth in Document No. 11.

In addition to acting upon a motion of a party, Rule 12(f) allows the court to act on its "own initiative at any time." Courts have construed that section of the rule to mean that they may entertain motions to strike even if untimely. *See Krauss v. Keibler-Thompson Corp.,* 72 F.R.D 615, 617 (D.Del.

1976). Because courts can act on untimely filed Rule 12(f) motions, it would also be reasonable for a court to act on a Rule 12(f) motion which would otherwise be precluded by Rule 12(g) by treating the motion as though the court were acting on its own initiative. However, in light of the fact that the Plaintiff also has moved to strike allegations in the Third Party Defendant's Counterclaim that are, in essence, identical to the content of the exhibits attached to the original Defendant's Answer and Counterclaim, and because this Court will deny the Plaintiff's second motion on the merits using the same analysis as it would if it exercised its discretion under Rule 12(f), this Court will not exercise its discretion pursuant to Rule 12(f) to consider the Plaintiff's first Motion to Strike.

For these reasons, the Plaintiff's Motion to Strike (Document No. 11) is denied.

We now proceed to the second Motion to Strike at Document Number 17. The Plaintiff's second Motion to Strike was not filed until May 8, 2007. However, the Plaintiff is moving to strike material from Third Party Defendant's Answer to Third Party Complaint and Counterclaim Against the Plaintiff (Document No. 15), which was not filed until May 1, 2007. Because Document No. 15 was not filed at the time of Plaintiff's original Rule 12 motions on April 10, 2007, the consolidation principle of Rule 12(g) does not apply.

Motions to strike are usually regarded with disfavor, and are granted only when justice demands. *American Standard Life and Accident Ins. Co. v. U.R.L., Inc.*, 701 F.Supp. 527, 531 (M.D.Pa. 1988). A motion to strike should only be granted when it can be shown that the matter to be stricken "is unworthy of consideration." *Burke v. Mesta Mach. Co.*, 5 F.R.D. 134, 138 (W.D.Pa. 1946). The motion is not intended to be used by a party to demand resolution of a question of either law or fact. *Id.* "[I]f [a] court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike

should be denied and the sufficiency of the allegations left for adjudication on the merits." *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1079 (C.D.Cal. 1994).

Generally speaking, a "court must construe the complaint most favorably to the plaintiff and accept as true all of the well-pleaded allegations therein." *American Standard*, 701 F.Supp. at 531 (citing *Commonwealth Bank & Trust Co., N.A. v. Russel*, 825 F.2d 12 (3d Cir. 1982)). In the present motion, Plaintiff moves to strike relying primarily on Pennsylvania's Parol Evidence Rule. Granting the present motion, therefore, would result in this Court ruling on the questions raised in the pleadings concerning the interpretation of the annuity contract and possible fraud, undue influence or duress, as well as conducting an analysis and reaching a legal conclusion regarding whether the circumstances surrounding the decedent's attempted change of designated beneficiary was a matter admissible under the parol evidence rule. Such rulings should only be made after consideration of the merits of the case.

Plaintiff also refers to Third Party Defendant's statements as "scandalous." Document No. 17, pp. 2-3. To establish that something is scandalous, the moving party must show that the matter is unrelated to the issues raised in the case or that it would prejudice the moving party. *Loughrey v. Landon*, 381 F. Supp. 884, 888 (E.D. Pa. 1974). In the case *sub judice*, at this time it is not possible to determine whether Third Party Defendant's allegations have any relevance to Plaintiff's cause of action or are unrelated to an issue in the case; additionally, Plaintiff has not averred that Third Party Defendant's statements in any way prejudice him. *Id.* Moreover, it has been found that "a Court must deny a motion to strike if any doubt exists whether the allegations in the pleading might be relevant in the action." *Montecino v. Spherion Corp.*, 427 F.Supp.2d 965, 967 (C.D.Cal. 2006) (citation omitted).

Because the items Plaintiff is moving to strike are "neither scandalous, wholly unrelated to the issues raised nor prejudicial to defendants," there is no reason to strike those allegations from the Third Party Defendant's Counterclaim. *Pocono Racing Management Association, Inc. v. Banks*, 434 F. Supp. 507, 509 (M.D. Pa. 1977). *See also American Oil Co. v. Cantelou Oil Co.*, 41 F.R.D. 143 (W.D. Pa. 1966). Therefore, Plaintiff's second Motion to Strike at Document Number 17 is also denied.

**AND NOW,** this 28th day of June, 2007, after consideration of Plaintiff's Motions to Strike (Document Nos. 11 and 17), and in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED that the Plaintiff's Motions to Strike are DENIED.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**